**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000666
10-MAY-2022
04:27 PM
Dkt. 127 SO

NOS. CAAP-18-0000666 & CAAP-18-0000943

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
ISAAC FALEVAI, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KĀNEʻOHE DIVISION
(CASE NO. 1DCW-15-0005263)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Isaac Falevai (**Falevai**) appeals from the July 24, 2018 Judgment and Notice of Entry of Judgment (**Judgment**) and the November 8, 2018 Amended Judgment and Notice of Entry of Judgment (**Amended Judgment**), entered in the District Court of the First Circuit, Kāneʻohe Division (**District Court**).[1]

Falevai was charged with Sexual Assault in the Fourth Degree, in violation of Hawaii Revised Statutes (**HRS**) § 707-733(1)(a).[2] Following a bench trial, the District Court

---

[1] The Honorable Melanie M. May presided. On January 7, 2019, this court entered an Amended Order Granting Motion to Consolidate Appeals, which consolidated case numbers CAAP-18-0000666 and CAAP-18-0000943 under case number CAAP-18-0000666.

[2] At the time of the alleged offense, HRS § 707-733(1)(a) (2014) stated:

> **Sexual assault in the fourth degree**. (1) A person commits the offense of sexual assault in the fourth degree if:
>
> > (a) The person knowingly subjects another person to sexual contact by compulsion or causes another person to have sexual contact with the actor by compulsion[.]

concluded that Falevai knowingly touched the complaining witness's (**CW**) buttocks without her consent, while on a bus in the early hours of the morning.  However, based on expert testimony that Falevai, at the time of the alleged offense, was suffering from a schizophrenia disorder and was taking prescribed medications that slowed his reactions and ability to think, the District Court acquitted Falevai by reason of mental disease, disorder, or defect excluding penal responsibility, pursuant to HRS §§ 704-400 and 704-402.[3]

On appeal, Falevai contends that the District Court erred:  (1) in failing to acquit Falevai "outright" due to insufficient evidence, where there was no evidence of "sexual overtones" in Falevai's conduct; (2) in failing to read Falevai's memorandum of law on sexual assault in the fourth degree and instructing the clerk not to file it; (3) in acquitting Falevai by reason of mental disease or defect, thereby subjecting him to required registration as a "covered offender" under HRS §§ 846E-1 and -2,[4] where the evidence established that Falevai was not a

---

[3]    HRS § 704-400 (2014) states, in relevant part:

> **Physical or mental disease, disorder, or defect excluding penal responsibility.**  (1) A person is not responsible, under this Code, for conduct if at the time of the conduct as a result of physical or mental disease, disorder, or defect the person lacks substantial capacity either to appreciate the wrongfulness of the person's conduct or to conform the person's conduct to the requirements of law.

HRS § 704-402 (2014) states, in relevant part:

> **Physical or mental disease, disorder, or defect excluding responsibility is an affirmative defense; form of verdict and judgment when finding of irresponsibility is made.** (1) Physical or mental disease, disorder, or defect excluding responsibility is an affirmative defense.
>
>      . . . .
>
>      (3) When the defendant is acquitted on the ground of physical or mental disease, disorder, or defect excluding responsibility, the verdict and the judgment shall so state.

[4]    HRS §§ 846E-1 and 846E-2 (2014) state, in relevant part:

> **§ 846E-1  Definitions.**  As used in this chapter, unless the context clearly requires otherwise:
>
>      . . . .

2

"sex offender" and thus not a "covered offender" under HRS § 846E-1; and (4) in failing to conduct a proper Tachibana[5] colloquy with Falevai before he decided not to testify.

Falevai has also filed a motion for retention of oral argument, which is hereby DENIED.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Falevai's contentions as follows.

---

"Covered offender" means a "sex offender" or an "offender against minors", as defined in this section.

. . . .

"Sex offender" means:

(1)     A person who is or has been convicted at any time, whether before or after May 9, 2005, of a "sexual offense"; or

(2)     A person who is or has been charged at any time, whether before or after May 9, 2005, with a "sexual offense" and is or has been found unfit to proceed and is or has been released into the community or who is acquitted due to a physical or mental disease, disorder, or defect pursuant to chapter 704 and is released into the community.

"Sexual offense" means an offense that is:

(1)     Set forth in section 707-730(1), 707-731(1), 707-732(1), 707-733(1)(a), 707-733.6, 712-1202(1), 712-1203(1), but excludes conduct that is criminal only because of the age of the victim, as provided in section 707-730(1)(b), or section 707-732(1)(b) if the perpetrator is under the age of eighteen[.]

. . . .

**§ 846E-2  Registration requirements**.  (a) A covered offender shall register with the attorney general and comply with the provisions of this chapter for life or for a shorter period of time as  provided in this chapter. Registration under this subsection is required whenever the covered offender, whether or not a resident of this State, remains in this State for more than ten days or for an aggregate period exceeding thirty days in one calendar year. A covered offender shall be eligible to petition the court in a civil proceeding for an order that the covered offender's registration requirements under this chapter be terminated, as provided in section 846E-10.

[5]     Tachibana v. State, 79 Hawaiʻi 226, 236, 900 P.2d 1293, 1303 (1995).

(1) We find Falevai's fourth contention – that the District Court failed to conduct a proper <u>Tachibana</u> colloquy – dispositive.

The validity of a defendant's waiver of the right to testify in a criminal case is a question of constitutional law reviewed by this court under the right/wrong standard.  <u>State v. Celestine</u>, 142 Hawaiʻi 165, 169, 415 P.3d 907, 911 (2018).  In <u>State v. Martin</u>, 146 Hawaiʻi 365, 378-79, 463 P.3d 1022, 1035-36 (2020), the Hawaiʻi Supreme Court summarized the relevant case law as follows:

> Our law protects both the right to testify and the right not to testify.  <u>State v. Celestine</u>, 142 Hawaiʻi 165, 169, 415 P.3d 907, 911 (2018).  <u>Tachibana v. State</u>, 79 Hawaiʻi 226, 900 P.2d 1293 (1995), established the requirement that when a defendant in a criminal case indicates an intention not to testify, the trial court must advise the defendant of the right to testify and must obtain an on-the-record waiver of the right.  79 Hawaiʻi at 236, 900 P.2d at 1303.  We stated that this advisement should consist of informing the defendant (1) that they have a right to testify, (2) that if they want to testify, no one can prevent them from doing so, and (3) that if they testify, the prosecution will be allowed to cross-examine them.  79 Hawaiʻi at 236 n.7, 900 P.2d at 1303 n.7.  We also stated that in connection with the privilege against self-incrimination, the defendant should also be advised (4) that they have a right not to testify and (5) that if they do not testify, then the jury can be instructed about that right.  <u>Id.</u> (citations omitted).  In a bench trial, defendants must be advised that if they exercise their right not to testify, no inference of guilt may be drawn for exercising this right, i.e., that a decision not to testify cannot be used against a defendant by the judge in deciding the case.  <u>State v. Monteil</u>, 134 Hawaiʻi 361, 371-72, 341 P.3d 567, 577-78 (2014).
>
> After <u>Tachibana</u>, we also held that a second component of the <u>Tachibana</u> colloquy involves the court engaging in a true "colloquy" with the defendant.  <u>Celestine</u>, 142 Hawaiʻi at 170, 415 P.3d at 912[ (]citing <u>State v. Han</u>, 130 Hawaiʻi 83, 90-91, 306 P.3d 128, 135-36 (2013)[)].  This requires "a verbal exchange between the judge and the defendant 'in which the judge ascertains the defendant's understanding of the proceedings and of the defendant's rights.'"  <u>Celestine</u>, 142 Hawaiʻi at 170, 415 P.3d at 912 (citing <u>Han</u>, 130 Hawaiʻi at 90, 306 P.3d at 135 (emphasis omitted)).
>
> . . . .
>
> A defendant's right to testify is violated when the colloquy does not establish "an objective basis for finding that the defendant knowingly, intelligently, and voluntarily gave up" their right to testify.  <u>Han</u>, 130 Hawaiʻi at 91, 306 P.3d at 136.

146 Hawaiʻi at 378-79, 463 P.3d at 1035-36 (original brackets and

footnotes omitted).

Here, Falevai challenges the colloquy that occurred immediately prior to the close of his case.  At that time, the following exchange occurred:

> THE COURT:  . . . Before the defense rests, let me briefly address your client.
>
> [DEFENSE COUNSEL]:  Yes.
>
> THE COURT:  Good afternoon, Mr. Falevai.
>
> THE DEFENDANT:  Good afternoon, Judge.
>
> THE COURT:  You understand that you have the right to testify in this case?
>
> THE DEFENDANT:  Yes, Your Honor.
>
> THE COURT:  You understand that if you want to testify, no one can stop you from testifying including your own attorney?
>
> THE DEFENDANT:  Yes, Your Honor.
>
> THE COURT:  Do you understand that if you testify, the State may cross-examine you?
>
> THE DEFENDANT:  Yes, Your Honor.
>
> THE COURT:  Have you had a chance to speak with your attorney about your right to testify?
>
> THE DEFENDANT:  Yes, I have.
>
> THE COURT:  Was he able to answer any questions you might have had?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  Do you have any questions for me about your right to testify?
>
> THE DEFENDANT:  No, Your Honor.
>
> THE COURT:  Do you know that you have the right not to testify in this case?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  Do you understand that if you do not testify, the court will not draw any negative inferences from that decision?
>
> THE DEFENDANT:  Yes, Your Honor.
>
> THE COURT: Do you understand that if you do not testify, the State may not cross-examine you?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Do you understand that if you do not want to testify, no one can force you to testify?

THE DEFENDANT: Yes.

THE COURT: Have you had a chance to speak with your attorney about your right not to testify?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Was he able to answer any questions you might have had?

THE DEFENDANT: Yes.

THE COURT: Do you have any questions for me about your right not to testify?

THE DEFENDANT: No, Your Honor.

THE COURT: Have you considered your right to testify as well as your right not to testify?

THE DEFENDANT: Yes.

THE COURT: Are you prepared to make a decision?

THE DEFENDANT: Yes, I am.

THE COURT: What is your decision?

THE DEFENDANT: I choose not to testify.

THE COURT: Is anyone stopping or preventing you from testifying?

THE DEFENDANT: No, Judge.

THE COURT: Thank you.

On appeal, Falevai argues:

What is missing from that colloquy are any questions about what medication Falevai was on at that moment and how it affects him. He is a schizophrenic who was on psychiatric medication at that time. No question was ever asked as to whether he had any alcohol in the previous 24 hours nor about his level of education or understanding of English. All of Falevai's answers were short, often just one word. This is not a true colloquy.

The validity of a waiver of the fundamental right to testify is reviewed under the totality of the facts and circumstances of the particular case. Martin, 146 Hawaiʻi at 379, 463 P.3d at 1036. In this context, the presence of a "salient fact" in the record can create the need for a more extensive colloquy to ensure the defendant's understanding. See Han, 130 Hawaiʻi at 92, 306 P.3d at 137; see also State v. Ichimura, SCWC-13-0000396, 2017 WL 2590858, at *6 (Haw. June 15, 2017) ("[T]his court has stated that the presence of a 'salient

6

fact' concerning the defendant's ability to understand the colloquy 'requires that a court effectively engage the defendant in a dialogue that will effectuate the rationale behind the colloquy and the on-the-record waiver requirements as set forth in Tachibana.'" (original brackets omitted) (quoting Han, 130 Hawaiʻi at 92, 306 P.3d at 137)). Salient facts include a language barrier or mental illness. See Martin, 146 Hawaiʻi at 379, 463 P.3d at 1036; Han, 130 Hawaiʻi at 92, 306 P.3d at 137; see also Ichimura, 2017 WL 2590858, at *6 (citing United States v. Duarte-Higareda, 113 F.3d 1000, 1003 (9th Cir. 1997), for the proposition that "a 'salient fact,' like a defendant's language barrier or mental illness, that is known to the court, 'puts the court on notice that the defendant's waiver might be less than knowing and intelligent,' and serves as an additional reason for the court to engage in a colloquy with the defendant 'to carry out its "serious and weighty responsibility" of ensuring that a defendant's jury waiver is voluntary, knowing, and intelligent'" (brackets omitted)).

In Martin, the supreme court applied these principles in determining whether the trial court's colloquy regarding the defendant's right to testify was deficient. 146 Hawaiʻi at 378, 463 P.3d at 1035. The defendant argued that the colloquy was not a "true colloquy" because the trial court recited a "litany of rights" without obtaining a response as to the defendant's understanding of the fundamental principles pertaining to his rights, and because evidence of the defendant's mental illness was a salient fact in the case. Id. at 379, 463 P.3d at 1036. There, the trial court had conducted the following colloquy prior to the close of the defendant's case:

> THE COURT: Okay. So you are [the defendant]?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Okay. Are you thinking clearly?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Are you presently sick?
>
> THE DEFENDANT: No.
>
> THE COURT: Within the past 48 hours have you taken any

pills, drugs, medication, or drank any alcohol?

THE DEFENDANT: Um, ibuprofens.

THE COURT: Okay. You're suffering from pain?

THE DEFENDANT: Yes.

THE COURT: Okay. Despite your pain and the medication, are you able to think clearly now?

THE DEFENDANT: Yes.

THE COURT: Okay. As I discussed with you before the start of the trial, or at the start of the trial, you have the constitutional right to testify in your own defense. Although you should consult with your lawyer regarding the decision to testify, it is your decision and no one can prevent you from testifying should you choose to do so. If you decide to testify, the prosecution will be allowed to cross-examine you. You also have a constitutional right not to testify and to remain silent. If you choose not to testify, the jury will be instructed that it cannot hold your silence against you in deciding your case. Did you understand what I had to say?

THE DEFENDANT: Yes.

THE COURT: I have been advised by your lawyer that you do not intend to testify in regard to this case; is this true?

THE DEFENDANT: Yes.

THE COURT: And is it your decision not to testify?

THE DEFENDANT: Yes, it is.

Id.

The supreme court held that under the totality of circumstances, the trial court's colloquy provided "an objective basis for finding that [the defendant] knowingly, intelligently, and voluntarily gave up" his right to testify. Id. at 380, 463 P.3d at 1037 (citing Han, 130 Hawaiʻi at 91, 306 P.3d at 136). With respect to the defendant's alleged mental illness, the supreme court noted that in addition to following the requirements of applicable case law, the trial court had "asked various questions with regard to the clarity of [the defendant's] state of mind at the time of the colloquy." Id. Cf. Ichimura, 2017 WL 2590858, at *7 (testimony that the defendant "had a 'handicap' for which she took medication, and that she was being treated by a psychiatrist[, . . .] was a 'salient fact' of which the circuit court was aware, and thus should have served as an

8

additional reason for the court to conduct a more searching inquiry of [the defendant], rather than relying on her 'Uh-huh' response to a list of rights").

Here, the District Court's colloquy with Falevai shared some similarities with the colloquy in Martin. For example, the District Court engaged in a verbal exchange with Falevai while informing him of the right to testify and the right not to testify and of the protections associated with these rights. However, through the trial testimony of Dr. Reneau Kennedy (**Dr. Kennedy**), whom the court found to be qualified as an expert in clinical and forensic psychology, the District Court was put on notice that Falevai had a mental illness – schizophreniform. Dr. Kennedy testified that Falevai was still being treated by a psychiatrist and taking prescribed medication for his illness. These were "salient facts" that required the court to "engage the defendant in a dialogue that [would] effectuate the rationale behind the colloquy and the on-the-record waiver requirements as set forth in Tachibana[,]" Martin, 146 Hawaiʻi at 380 463 P.3d at 1037 (citing Han, 130 Hawaiʻi at 92, 306 P.3d at 137), and "should have served as an additional reason for the court to conduct a more searching inquiry of [Falevai]" to ensure that his waiver was voluntary, knowing and intelligent. Ichimura, 2017 WL 2590858, at *7. But unlike the colloquy in Martin, the colloquy here did not include any questions regarding the clarity of Falevai's mind at the time of the colloquy or otherwise ensure that Falevai's waiver of his right to testify was voluntary and intelligent in light of his mental illness and related medication. Given the totality of the circumstances, we cannot conclude that Falevai's waiver was voluntarily and intelligently made.

"Once a violation of the constitutional right to testify is established, [a] conviction must be vacated unless the State can prove that the violation was harmless beyond a reasonable doubt." Tachibana, 79 Hawaiʻi at 240, 900 P.2d at 1307 (emphasis added). "[I]t is inherently difficult, if not impossible, to divine what effect a violation of the defendant's constitutional right to testify had on the outcome of any

9

particular case."  State v. Hoang, 94 Hawaiʻi 271, 279, 12 P.3d 371, 379 (App. 2000).  Here, Falevai was acquitted by reason of mental disease or defect, but because he was acquitted on that basis, and not due to the alleged failure of the State to prove the elements of the offense, he is subject to required registration under HRS §§ 846E-1 and -2.[6/]  The record does not offer any indication as to what Falevai would have said under oath on the witness stand, and how his testimony might have affected the District Court's conclusion that he knowingly touched the CW's buttocks without her consent.  Thus, it cannot be said that the District Court's inadequate colloquy was harmless beyond a reasonable doubt.  See Tachibana, 79 Hawaiʻi at 240, 900 P.2d at 1307; State v. Pomroy, 132 Hawaiʻi 85, 94, 319 P.3d 1093, 1102 (2014).

This is an unusual case.  Had Falevai been convicted, and had substantial evidence supported the conviction, double jeopardy would not have precluded a retrial, and the appropriate remedy would have been to vacate the judgment of conviction and remand the case for a new trial.  See Pomroy, 132 Hawaiʻi at 95, 319 P.3d at 1103.  But Falevai was acquitted of assault in the fourth degree and he cannot be retried for that offense.  See State v. Deedy, 141 Hawaiʻi 208, 218, 407 P.3d 164, 174 (2017) ("It is beyond dispute that 'the constitutional guarantee against double jeopardy protects against a second prosecution for the same offense after acquittal.'" (some internal quotation marks and brackets omitted) (quoting State v. Lee, 91 Hawaiʻi 206, 209,

_____

[6/]     Falevai would qualify as a "sex offender" under HRS § 846E-1, because he is "[a] person who . . . has been charged . . . with a 'sexual offense' [which includes sexual assault in the fourth degree] and . . . who is acquitted due to a physical or mental disease, disorder, or defect pursuant to chapter 704 and is released into the community."

After acquitting Falevai pursuant to HRS chapter § 704, the District Court continued the proceedings for a post-acquittal hearing as to the issue of present dangerousness.  On November 8, 2018, at the post-acquittal hearing, the District Court, among other things, granted Falevai's requests (a) for discharge, and (b) to stay sex offender registration pending appeal.  See HRS § 704-411(1)(c) (permitting discharge from custody upon a finding of the absence of present dangerousness).

982 P.2d 340, 343 (1999)));[7/] <u>Whiting v. State</u>, 88 Hawaiʻi 356, 360, 966 P.2d 1082, 1086 (1998) ("[H]aving determined that a conviction of manslaughter due to [Extreme Mental or Emotional Distress] is deemed an acquittal of murder, we hold that double jeopardy bars [the defendant's] reprosecution for second degree murder").[8/]   Under these circumstances, we conclude that the appropriate remedy is to vacate the Judgment and the Amended Judgment and to remand to the District Court with instructions to enter a judgment of acquittal that is not based on HRS chapter 704.

(2) Given our conclusion as to Falevai's fourth contention, we do not reach his remaining contentions.

For the reasons discussed above, we vacate the July 24, 2018 Judgment and Notice of Entry of Judgment and the November 8, 2018 Amended Judgment and Notice of Entry of Judgment, entered in the District Court of the First Circuit, Kāneʻohe Division.   The case is remanded to the District Court with instructions to enter a judgment of acquittal that is not based on HRS chapter 704, and

---

[7/]    In <u>Deedy</u>, the supreme court also stated:

> This court has adopted the [United States] Supreme Court's test in determining whether a defendant is deemed acquitted: "A defendant is acquitted only when 'the ruling of the judge, whatever its label, actually represents a resolution [in defendant's favor], correct or not, of some or all of the factual elements of the offense charged.'" <u>State v. Dow</u>, 72 Haw. 56, 65, 806 P.2d 402, 407 (1991) (alteration in original) (quoting <u>United States v. Martin Linen Supply Co.</u>, 430 U.S. 564, 571, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977)).

141 Hawaiʻi at 218-19, 407 P.3d 164, 174-75.   In turn, the United States Supreme Court has "defined an acquittal to encompass any ruling that the prosecution's proof is insufficient to establish criminal liability for an offense." <u>Evans v. Michigan</u>, 568 U.S. 313, 318-19 (2013) (citing <u>United States v. Scott</u>, 437 U.S. 82, 98, and n.11 (1978); <u>Burks v. United States</u>, 437 U.S. 1, 10 (1978); <u>Martin Linen Supply Co.</u>, 430 U.S. at 571).   "Thus an 'acquittal' includes . . . a 'factual finding that necessarily establishes the criminal defendant's lack of criminal culpability,' . . . ." <u>Id.</u> (brackets omitted) (quoting <u>Scott</u>, 437 U.S. at 91, 98, and n. 11); <u>see Burks</u>, 437 U.S. at 10 (double jeopardy prohibited a second trial where the government had failed to come forward with sufficient proof of the defendant's capacity to be responsible for criminal acts).

[8/]    Remanding the case for a new trial in which conviction is not an option is not appropriate in these circumstances. <u>See Whiting</u>, 88 Hawaiʻi at 361, 966 P.2d at 1087 (rejecting a similar remedy authorized by this court, and stating in part: "[W]hen a constitutional right such as the protection against double jeopardy is plainly implicated, its assertion cannot be rejected by judicial gerrymandering of the penal process").

for further proceedings consistent with this Summary Disposition Order.

DATED:  Honolulu, Hawaiʻi, May 10, 2022.

On the briefs:

Earle A. Partington
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge